JOHN G. JEFFERDS *vs.* MARY E. ALVARD.

Worcester.    November 14, 1889. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale — Married Woman — Agency of Husband.*

In an action to recover the price of fertilizers bought by the defendant's husband, there was evidence that he had conveyed to her his farm, on which she was carrying on the business of farmer and milk-dealer on her own account when the fertilizers were bought; that she employed her husband to carry on the farm for her; and that, as directed by her, he bought everything that was needed on the farm, and that fertilizers of the kind purchased by him were used thereon. *Held,* that there was evidence for the jury that the defendant's husband was her agent in the purchase of the fertilizers.

HOLMES, J. This is an action to recover the price of fertilizers bought by the defendant's husband. The main question is whether there is any evidence that he was her agent in the purchase. The defendant's husband had conveyed his farm to her, and she was carrying on business on her own account as a farmer and milk-dealer when the fertilizers were bought. The defendant and her husband denied that any fertilizers were used

on her farm. But there was other evidence that fertilizers of the kind sold were used there. The defendant testified that she had her husband carry on the farm for her. Her husband testified as follows : " I buy and get everything that is used on the place for my wife. She tells me to buy anything needed, and I buy what I want on the farm. I buy and sell everything that is needed on the farm." This was evidence enough to warrant a finding that the defendant's husband was her general agent for carrying on the farm, and had authority to bind her by his purchase of fertilizers for use upon it. The defendant also testified, it is true, that she never authorized her husband to buy anything for her in the course of carrying on the farm, and that she never knew that he did buy anything for her. But the jury would have had the right to accept her admissions, and to reject that part of her testimony which was favorable to herself. *Ayer* v. *R. W. Bell Manuf. Co.* 147 Mass. 46, 54. *Shaw* v. *Hall*, 134 Mass. 103, 105, 106. The jury might have found that fertilizers were used on the defendant's farm, and might have inferred that they were those or a part of those which her husband bought, and then might have inferred that those so used were bought for the purpose. If the defendant's husband was her general agent, and when he bought the fertilizers declared that they were for use on this farm, that would be independent evidence that they were bought for that purpose. For as his state of mind at the moment of buying determined whether the purchase was made for his wife or not, evidence of his state of mind was material, and his declaration was evidence of his state of mind.*

It is stated that the plaintiff accepted the promissory note of the defendant's husband in payment for the first car-load of fertilizers. But the facts are not set out with a view to raising the question whether a resort to the defendant for the price of that portion is precluded, and, as it is not material at this stage of the case, we express no opinion upon it. See *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 170; *French* v. *Price*, 24 Pick. 13, 21.

*Exceptions sustained.*

*B. W. Potter & M. M. Taylor*, for the plaintiff.
*R. O. Dwight*, for the defendant.

---

* See *Elmer* v. *Fessenden*, post, page 359.