### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

## MICHAEL BROWN'S CASE.

Suffolk. March 31, 1890. — June 20, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Felony — Abduction of Female — Municipal Courts of Boston.*

The offence, under the Pub. Sts. c. 207, § 1, of abducting an unmarried female under the age of sixteen years for the purpose of clandestine marriage, is not a felony, punishable by imprisonment in the state prison, and is within the jurisdiction of the municipal courts of the city of Boston.

PETITION to the Superior Court for a writ of habeas corpus, alleging that Michael Brown was illegally imprisoned and restrained in the House of Industry in Boston, under a precept issued upon a sentence imposed by the Municipal Court of the South Boston District in the city of Boston, upon a complaint charging him with fraudulently and deceitfully enticing and taking away an unmarried female under the age of sixteen years, for the purpose of effecting a clandestine marriage, in violation of the Pub. Sts. c. 207, § 1. The Superior Court ordered the writ to be issued returnable to this court. Hearing before C. *Allen*, J., who adjourned the case into the full court.

The case was argued at the bar in March, 1890, and afterwards was submitted on the briefs to all the judges, except *Morton*, C. J.

*F. P. Curran*, for Brown.

*T. W. Proctor*, First Assistant District Attorney for the Suffolk District, for the Commonwealth.

W. ALLEN, J. The question presented in this case is whether the municipal courts within the city of Boston have jurisdiction of the offence punishable under the Pub. Sts. c. 207, § 1. The Pub. Sts. c. 154, § 50, provide that the criminal jurisdiction of the municipal courts within the city of Boston "shall include all crimes under the degree of felony." Section 1 of chapter 210 of the Public Statutes is in these words: "Any crime punishable by death or imprisonment in the state prison is a felony; and no other crime shall be so considered." If the crime of which the petitioner was convicted is punishable by imprisonment in the state prison, the court did not have jurisdiction of it. The punishment prescribed is " by imprisonment in the state prison not exceeding one year, or by fine not exceeding one thousand dollars, or by both fine and imprisonment in the jail." Pub. Sts. c. 207, § 1. A sentence to the state prison must be to confinement at hard labor, and must include a term of solitary imprisonment. Pub. Sts. c. 215, § 23. The provision for imprisonment in the state prison for not more than one year must be construed in connection with the following provisions of the Pub. Sts. c. 215, § 19: " When the punishment of solitary imprisonment and confinement at hard labor for a term not exceeding five years is awarded by the court against a convict, such sentence may be executed either in the state prison, jail, or house of correction, except as provided in the following section." Section 20 is as follows: " A convict shall not be sentenced to imprisonment in the state prison for a less time than three years; but when a convict is sentenced at the same time on more than one indictment, the sentence on each indictment may be less than three years, but not less than one year if the aggregate of such sentences is not less than three years." Section 21 provides: " When a convict is already under sentence of imprisonment in the state prison, he may be sentenced for a further time of not less than one year."

Under these provisions, a convict whose only prescribed punishment is by imprisonment in the state prison for a term of years, if the term actually awarded is less than three years, must undergo his sentence of confinement to hard labor and solitary imprisonment in the jail or house of correction, and cannot be sentenced to imprisonment in the state prison. Section 23 of the same chapter prescribes the form of sentence when "the punishment of imprisonment in the state prison is awarded." Taking the words " punished by imprisonment in the state prison not exceeding one year," in the Pub. Sts. c. 207, § 1, in connection with the provisions of c. 215, it is not an unreasonable construction of c. 207, §1, that the form of sentence prescribed by c. 215, § 23, shall be awarded to be executed in the jail or house of correction. This is in accordance with §§ 15 and 17 of the latter chapter, under which, when women or boys in certain cases are convicted of offences punishable only by imprisonment in the state prison, and sentence is awarded against them, the court is required to order the sentence to be executed in the jail, and not in the state prison. See *Commonwealth* v. *Wyman*, 12 Cush. 237. If c. 215 of the Pub. Sts. had been passed after c. 207, § 1, there can be no question that it would have prohibited a sentence to the state prison under the provision of the latter section. The provisions were simultaneously enacted in the Public Statutes, but were intended as re-enactments in substance, and not as modifications of pre-existing statutes. The meaning of the statutes before their enactment in the Public Statutes will aid in showing their meaning there.

The Pub. Sts. c. 210, § 1, defining felony, were first enacted in the St. of 1852, c. 37. The Pub. Sts. c. 207, § 1, were first enacted in the St. of 1852, c. 254, after the statute defining felony was in force. Before that the offence punished by it was a misdemeanor at common law. As the statute made it punishable by imprisonment in the state prison, it was made a statute felony. Until 1877, the statutes prohibited sentences to the state prison for a less time than one year. Rev. Sts. c. 139, § 9. Gen. Sts. c. 174, § 17. By the St. of 1877, c. 190, the limit was extended to three years. The St. of 1880, c. 15, enacted the provision now in the Pub. Sts. c. 215, §§ 20, 21, and repealed the Gen. Sts. c. 174, § 17, and the St. of 1877, c. 190. The St. of 1870, c. 206, pro-

vided that a sentence to solitary imprisonment and confinement at hard labor for a term not exceeding five years might be executed either in the house of correction, jail, or state prison. This was a substitute for earlier statutes of similar purport, which had applied to the crime of which the petitioner was convicted from the time it was first made a state prison offence. Rev. Sts. c. 143, § 19. Gen. Sts. c. 174, § 16. Until the St. of 1877, c. 190, the crime was punishable by imprisonment in the state prison, and was a felony. That statute prohibited imprisonment in the state prison, and left the sentence to be executed in the jail or house of correction, and the crime ceased to be a felony. When the Public Statutes were enacted, the words of the statute, "imprisonment in the state prison not exceeding one year," which were re-enacted in c. 207, § 1, meant confinement for one year in the jail or house of correction, with a term of solitary imprisonment, and at hard labor. There is every reason to suppose that, in re-enacting the statutes in terms, the Legislature did not intend to change their meaning.

It is argued that the petitioner may be liable to imprisonment in the state prison if he is to be sentenced on other indictments at the same time that he is sentenced on the complaint in this case, or if he is at that time under sentence to the state prison. But upon the record before us the petitioner is not liable to imprisonment in the state prison. If the record showed that he was liable to imprisonment in the state prison, it would show that it was on account of circumstances other than the mere commission of the crime. For that alone he cannot be punished by imprisonment in the state prison.

*Prisoner remanded.*