### EMERY E. LANE *vs.* COMMONWEALTH.

Norfolk. January 29, 1894. — March 26, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Writ of Error — Validity of Sentence — Statute.*

A sentence to confinement in the house of correction for the term of two years of a person convicted, under Pub. Sts. c. 205, § 4, of endeavoring to " procure another person to commit perjury, though no perjury is committed," the punishment prescribed for which is imprisonment in the state prison not exceeding five years, or in the jail not exceeding one year, is not erroneous, under c. 215, §§ 19, 20; and, although a failure to include in the sentence solitary imprisonment, as prescribed by c. 215, § 23, is error, if such error is not insisted upon the judgment will be affirmed.

WRIT OF ERROR, to reverse a judgment rendered for the Commonwealth, at the December sitting, 1892, of the Superior Court for the county of Norfolk, upon an indictment for endeavoring

to procure one Daniel F. Keene to commit perjury.   Plea, *in nullo est erratum.*   The facts appear in the opinion.

*T. E. Grover*, for the plaintiff in error.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

HOLMES, J.   We must take it that the plaintiff in error was convicted, under Pub. Sts. c. 205, § 4, of endeavoring to " procure another person to commit perjury, though no perjury is committed."   By that section the punishment is imprisonment in the state prison not exceeding five years, or in the jail not exceeding one year.   The sentence was to the house of correction for two years.   The plaintiff in error contends that the only sentences to the house of correction warranted by the statutes are either for one year in substitution for imprisonment in the jail, a substitution authorized by Pub. Sts. c. 215, § 3, or for a term not less than three nor more than five years in substitution for imprisonment in the state prison, this substitution being authorized by Pub. Sts. c. 215, § 19.   The argument is that the following section, § 20, forbids a sentence to the state prison for a less time than three years, that this represents a statute later than that taken up into Pub. Sts. c. 205, § 4, and must control the general language of that section, and that the only effect of § 19, which represents an act later than Pub. Sts. c. 205, § 4, but earlier than c. 215, § 20, is to authorize a substitution of the house of correction for the state prison in a sentence which might have been executed in the latter.

The result contended for plainly is unintended.   For it is that the sentence for the offence in question must be either for not exceeding one year or for not less than three years, and that a sentence for two years is impossible.   The language of § 19 is as follows : " When the punishment of solitary imprisonment and confinement at hard labor for a term not exceeding five years is awarded by the court against a convict, such sentence may be executed either in the state prison, jail, or house of correction, except as provided in the following section."   The other sections must be read in connection with this, and the true construction has been settled by the court heretofore.   " Under these provisions, a convict whose only prescribed punishment is by imprisonment in the state prison for a term of years, if the term actually

awarded is less than three years, must undergo his sentence of confinement to hard labor and solitary imprisonment in the jail or house of correction, and cannot be sentenced to imprisonment in the state prison." *Brown's case*, 152 Mass. 1, 3.

The only error in the sentence is suggested by a later passage in the same decision. See also *Bump* v. *Commonwealth*, 8 Met. 533, 535; *Stevens* v. *Commonwealth*, 4 Met. 360, 371. It is said not to be an unreasonable construction of Pub. Sts. c. 207, § 1, the section punishing the crime then in question, which provides for imprisonment in the state prison not exceeding one year, etc., that the form of sentence prescribed by c. 215, § 23, for the punishment of imprisonment in the state prison, shall be awarded to be executed in the jail or in the house of correction. The same reasoning applies to c. 205, § 4, in case of a sentence for less than three years. The form of sentence prescribed by c. 215, § 23, requires solitary imprisonment as well as confinement at hard labor, whereas in this sentence no solitary imprisonment is directed. This is error. But the plaintiff in error does not desire to insist upon it, and therefore the judgment will be affirmed.

*Judgment affirmed.*