COMMONWEALTH vs. JONATHAN G. HUNTON & others.

Middlesex.     February 1, 1897. — February 27, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Conspiracy — Law and Fact — Evidence — Trial — Instructions.*

A., who was a member of a committee of the common council of a city which had power to buy horses, bought several horses for himself; and B. was notified that A. had some horses. On a certain day a meeting of the committee was called in the absence of the chairman and contrary to his request, and the committee left the city hall for supper and continued their meeting at a hotel, where they appointed a sub-committee, of which A. was a member, to buy horses. On the next day A. sold his horses to B., the horses being left in the stable where A. was keeping them; and on the following day the sub-committee, including A., bought the horses of B. for the city at $200 apiece. A. was unwilling to disclose the prices paid by him for the horses, but they averaged about $100. Both A. and B. refused to testify before an investigating committee as to the price paid by B. to A. for the horses, and the notes given for the price, when produced, had their figures cut out. B. testified before the investigating committee, that, at the time of his purchase, he talked with A. about selling the horses to the city; but A. did not admit this. *Held*, at the trial of an indictment under Pub. Sts. c. 205, § 12, against A. and B., charging a conspiracy for the sale of the horses to the city, that the case was rightly submitted to the jury.

The jury in a criminal case are absolutely free to believe what is unfavorable to the defendant in his statement, and to disbelieve all that is favorable, if the character of the statement has that effect upon their minds.

The voluntary statements of alleged conspirators before an investigating committee of a city council, of which one of them was a member, are admissible in evidence at the trial of an indictment against them for the conspiracy.

At the trial of an indictment for conspiracy, if the effect of each statement made by the defendants before an investigating committee of a city council of which one defendant was a member is, when admitted in evidence, limited to the party making it, a ruling that the statements were evidence tending to show the part which each took in the conspiracy, if any conspiracy was proved, and that there was concerted action between them, is not open to exception.

INDICTMENT, under Pub. Sts. c. 205, § 12, against Jonathan G. Hunton, Fred A. George, Hugh Maguire, Jr., Cleveland J. Cheney, and Charles Clapp, for conspiracy. At the trial in the Superior Court, before *Hardy*, J., the jury returned a verdict of guilty against Hunton and Clapp only; and they alleged exceptions, which appear in the opinion.

*J. C. Burke & J. J. Hogan*, for the defendants.

*F. N. Wier*, District Attorney, (*G. A. Sanderson* with him,) for the Commonwealth.

HOLMES, J.   This is an indictment under Pub. Sts. c. 205, § 12, charging a conspiracy between the defendants for the sale to the city of Lowell of certain horses belonging to the defendant Clapp while the defendant Hunton was a member of the common council, and that Hunton should receive a reward from Clapp.   Hunton and Clapp were found guilty, and the case is here on their exceptions to the refusal to rule that there was no evidence warranting their conviction, and to a ruling as to the admissibility of testimony which will be stated later.

The undisputed facts are enough to show that the case could not be taken from the jury.   Hunton was a member of the committee on streets, which had power to buy the horses.   On April 8 he bought for himself three of the horses in question, and on Saturday, April 11, he bought five.   On Sunday Clapp was notified that he had some horses.   On Monday, April 13, a meeting of the committee on streets was called, in the absence of the chairman, who returned the next day; and, according to his testimony, contrary to his request.   The committee left the city hall for supper, and continued their meeting at a hotel, where they appointed a subcommittee of three to buy the horses. One of these was Hunton, who was present.   On Monday Hunton sold the eight horses to Clapp, the horses being left in the stable where Hunton was keeping them.   On Tuesday morning Hunton and the other two members of the subcommittee bought the horses of Clapp for the city.   The prices paid by Hunton averaged certainly not much over, and probably under, a hundred dollars.   Hunton was unwilling to disclose them.   The price paid by the city was two hundred dollars apiece.   When called before an investigating committee at the city hall, Hunton and Clapp both refused to tell the price paid to the former by Clapp.   The notes given by him, when produced, had their figures cut out.   We do not think it necessary to add more, except, as bearing on Clapp's knowledge and participation, that he testified before the investigating committee that at the time of his purchase he talked with Hunton about selling the horses to the city.   This Hunton did not admit.

It is quite true that each of the defendants Hunton and Clapp, in their testimony before the investigating committee,

which was read in evidence at the trial, accompanied their admission of facts with a denial of any illegal conduct, and offered` explanations of whatever seemed to need it. But that did not entitle them to have their case taken from the jury. They had the benefit of having those denials and explanations read with the rest of the statements, and that was all they were entitled to demand. The mistake in the argument addressed to us on their behalf is in the assumption that, so far as not contradicted by other evidence, they had a right to have all their testimony taken to be true. That is not the law. The jury are absolutely free to believe what is unfavorable to a prisoner in his statement, and to disbelieve all that is favorable, if the character of the statement has that effect upon their minds. *Jefferds* v. *Alvard*, 151 Mass. 94. Roscoe, Crim. Ev. (8th Am. ed.) 55.

An exception to the admission of the statements of the alleged conspirators before the investigating committee is not much pressed. The testimony was voluntary so far as appears. See *Commonwealth* v. *Wesley*, 166 Mass. 248. The effect of each statement when it was let in was limited to the party making it. At the close of the evidence a ruling was asked that the evidence could not be used as tending to establish a conspiracy. The judge refused this, and ruled that it was evidence tending to show the part which each took in the conspiracy, if any conspiracy were proved, and that there was concerted action between them. It is argued that this was an erroneous reversal of the limitation set upon the effect of the statements at first. We do not construe it in that way. We understand the ruling simply to mean that, so far as any party admitted facts tending to show concerted action between the defendants, the admission was evidence of such concert, subject to the original restriction, that is, as against the party making it. This was correct. *Commonwealth* v. *Smith*, 163 Mass. 411, 418. If each of these defendants admitted a conspiracy, or facts warranting the inference of a conspiracy, although the admission of one could not affect the other, still a conspiracy might be found to have been proved. In this case Hunton, either by his own statements or by competent evidence, knew all the facts which we have stated, except, perhaps, how Clapp was informed that he had the horses. Clapp admitted notice to him of Hunton's purchase, Hunton's sale to

himself, and his sale to the city through Hunton the next day. He admitted talking about selling to the city at the time of his purchase. It is true that he did not admit knowledge of what Hunton paid, but what he did admit, coupled with his conduct at the hearing before the investigating committee, made it a possible, if not a probable, inference that he knew more than he was willing to tell about other matters beside what he was to pay Hunton.　　　　　　　　　　*Exceptions overruled.*