COMMONWEALTH *vs.* JOHN O'NEIL & another.

Suffolk.    January 16, 1905. — June 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Larceny. Practice, Criminal,* Sentence.

Under R. L. c. 215, § 6, cl. 4, by which the punishment for an attempt to commit a crime cannot exceed one half the punishment provided for the crime itself, a person convicted of an attempt to commit larceny from the person can be sentenced under R. L. c. 208, § 24, for two and one half years in the house of correction. This is not affected by the indeterminate sentence act now contained in R. L. c. 220, § 20.

INDICTMENT, found and returned in the Superior Court for the county of Suffolk on December 10, 1904, against John O'Neil, otherwise called George Seymour, and Thomas O'Donnell, for an attempt on November 18, 1904, to commit larceny from the person of one to the jurors unknown.

In the Superior Court before *Harris,* J. the defendants pleaded guilty to the part of the indictment charging the offence named above, and the judge sentenced each of them to the house of

correction for a term of two and one half years. The defendants excepted to the imposition of the sentences.

*F. F. Sullivan,* (*J. M. Sullivan* with him,) for the defendants.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth, submitted a brief.

LORING, J. But one question is raised in these cases, to wit: Can a sentence of two and one half years in the house of correction be imposed for an attempt to commit larceny from the person?

The defendants contend that it cannot. Their contention is that one year in jail or in the house of correction is the only punishment that can be imposed.

Their argument is this: For an attempt to commit a crime the maximum imprisonment is one half the maximum for the crime itself. R. L. c. 215, § 6, cl. 4. Before the indeterminate sentence act was enacted, (St. 1895, c. 504, amended by St. 1897, c. 294, and now R. L. c. 220, § 20,) the maximum imprisonment for the crime here in question (larceny from the person) was "imprisonment in the State prison for not more than five years or in jail for not more than two years." R. L. c. 208, § 24. This made the maximum for the attempt two and one half years in the State prison or one year in jail.

Then came the indeterminate sentence act, St. 1895, c. 504, which provided that the court, in sentencing a convict (of the class here in question) to the State prison, should not fix the term of his imprisonment, but should establish a maximum and minimum term, and that the minimum term should be not less than two and one half years.

The result (so these defendants argue) is this: Before the indeterminate sentence act, two and one half years was the maximum imprisonment in State prison for the attempt in question, and the effect of that act was to abolish imprisonment in the State prison for the attempt in question, since the maximum for that attempt is two and one half years in the State prison and that act forbids imprisonment in the State prison where the minimum of the indeterminate sentence is less than two years and a half. This left imprisonment in jail the only punishment, and that (as we have stated) is for not more than one year, which sentence is to be executed in jail or the house of correction, under R. L. c. 220, § 19.

The difficulty with this argument is that if the defendants' reasoning is right the crime here in question ceased to be punishable by imprisonment for more than one year in jail on the enactment of St. 1877, c. 190, which forbade a convict being sentenced to the State prison for a term less than three years in place of one year, as was the case before that act was passed. See Rev. Sts. c. 139, § 9; Gen. Sts. c. 174, § 17.

But it was decided in *Lane* v. *Commonwealth*, 161 Mass. 120, that St. 1877, c. 190, (then Pub. Sts. c. 215, § 20,) did not have that effect. This conclusion was reached on the ground that St. 1877, c. 190, was an act dealing solely with the place where a sentence was to be executed, and was not an act which changed a previous statute describing the punishment which could be inflicted; consequently that so far as punishment went a convict still could be sent to prison for a term not exceeding that prescribed in a former act as a term in State prison, and that that sentence must be executed in the house of correction. This result was rendered possible by what was then Pub. Sts. c. 215, § 19, (now R. L. c. 220, § 19,) providing that " When the punishment of solitary imprisonment and confinement at hard labor for a term not exceeding five years is awarded by the court against a convict, such sentence may be executed either in the State prison, jail, or house of correction, except as provided in the following section." To the same effect see *Brown's case*, 152 Mass. 1, 3.

Under St. 1877, c. 190, (re-enacted in Pub. Sts. c. 215, § 20,) the crime here in question (an attempt to commit larceny from the person) was punishable by imprisonment in the house of correction for a term not exceeding two and one half years. This result was not affected by the enactment of the indeterminate sentence act, (St. 1895, c. 504,) which repealed Pub. Sts. c. 215, § 20, (re-enacting St. 1877, c. 190,) and substituted for the three years' term specified in St. 1877, c. 190, (Pub. Sts. c. 215, § 20,) a minimum sentence of two and one half years.

*Lane* v. *Commonwealth*, 161 Mass. 120, and *Brown's case*, 152 Mass. 1, 3, as to the effect of St. 1877, c. 190, (then Pub. Sts. c. 215, § 20,) dispose of the contention here made as to St. 1895, c. 504 (now R. L. c. 220, § 20).

*Exceptions overruled; judgment affirmed.*