COMMONWEALTH *vs.* GEORGE CLINE & others.

Suffolk.   November 18, 1912. — January 3, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Attempt to commit Larceny. Pleading, Criminal,* Indictment. *Practice, Criminal,* Bill of particulars, Sentence.

In an indictment for an attempt to commit larceny from the person of a person unknown by stealing property in his pocket, it is not necessary to describe the property attempted to be stolen or to allege its value, or to aver that the person unknown had anything in his pocket which could have been the subject of larceny.

Upon an indictment for an attempt to commit larceny from the person it is proper to deny a motion for a bill of particulars which asks only for a description of the property attempted to be stolen, this not being essential to the offense charged.

Numerous exceptions, which were designated by this court as without merit, relating to the admission of evidence at the trial of three defendants on an indictment for an attempt to commit larceny from the person of a person unknown by picking his pocket, here were disposed of briefly on principles fully established.

When R. L. c. 215, § 6, cl. 4, was in force, which provided that the punishment by imprisonment for an attempt to commit a crime should not exceed one half of the greatest punishment which might have been inflicted for the commission of the attempted crime, and when by R. L. c. 208, § 24, larceny from the person was punishable by imprisonment in the State prison for not more than five years or in jail for not more than two years, a sentence of eighteen months in the house of correction for an attempt to commit larceny from the person was authorized.

BRALEY, J.   The second count of the indictment upon which the defendants were convicted is under R. L. c. 215, § 6, for an attempt to commit the crime of larceny from the person, where the person is alleged to have been to the jurors unknown.   A bill of particulars was moved for and denied, and a motion to quash was overruled.*

These rulings were right.   The offense is made out upon proof of a general intent to commit crime, and the doing of overt acts toward its accomplishment.   It does not depend upon the amount which might have been stolen, nor is it necessary to describe the

* By *Brown,* J., before whom the defendants were tried.

property or to allege its value, or even to aver that the person unknown had anything in his pocket * which could have been the subject of larceny. *Commonwealth* v. *McDonald*, 5 Cush. 365. *Commonwealth* v. *Drohan*, 210 Mass. 445. The only specification requested was a description of the property, but this was unessential as the statutory offense had been fully, plainly and substantially set out, and nothing further was necessary to preserve the defendants' constitutional rights. R. L. c. 218, § 67. *Commonwealth* v. *Snell*, 189 Mass. 12, 18, 19. It moreover appears, that, the prosecutor not being in possession of the information desired, it could not have been furnished.

The numerous exceptions taken to the admission of evidence although urgently pressed are without merit. The evidence tended to show that the defendants,† and one Logan indicted with them but subsequently tried and acquitted, through a series of preconcerted devices and manœuvres in which each was to perform a designated part, followed the person to be robbed without exciting his suspicions and attempted to perpetrate the larceny while he was mingling with a crowd, thus affording them an opportunity for escape without danger of identification. The person charged in the indictment as unknown was on his way to board a street car, when the defendants acting as if they also intended to take the car impeded his progress, and as he stepped with other persons upon the car attempted to rifle his pockets. If two or more are acting in concert for the accomplishment of crime the acts of each are admissible against the others where there is evidence of a common purpose. The testimony implicating each and all cannot be introduced in bulk, but must be put in by piecemeal. The purpose for which the defendants were using the street car before passing to the street was a link in a chain of succeeding events, where the conduct of each defendant and of Logan was for the consideration of the jury under appropriate instructions. *Commonwealth* v. *Scott*, 123 Mass. 222. *Commonwealth* v. *Robinson*, 146 Mass. 571. *Commonwealth* v. *Meserve*, 154 Mass. 64. *Commonwealth* v. *Hunton*, 168 Mass. 130. The evidence of one Gordon MacKenzie, who testified to

* The count alleged that the property attempted to be stolen was in the pocket of the unknown person.

† Cline, Davis and Dixon.

having observed their movements on the car and in the street, of which he gave a full description, comes within these rules, while the admission of the leading question put by the assistant district attorney, to which the defendants excepted, was within the discretion of the trial judge. *York* v. *Pease,* 2 Gray, 282. The attempt to have this witness identify a hat pin for the purpose of corroborating him having failed, the inquiry was abandoned and the defendants were not harmed by evidence which had become immaterial. But, his veracity having been attacked in cross-examination, previous consistent statements were offered and admitted to corroborate him. It is unnecessary to decide whether, in view of the declination of the defendants', counsel to answer the question of the judge, whether he intended to argue to the jury that MacKenzie's evidence was of recent fabrication to meet the exigencies of the Commonwealth's case, the statements were admissible. The closing argument not having referred to the question, the jury were explicitly instructed to disregard this portion of the testimony. It must be presumed they followed the instructions, and the defendants have not been prejudiced. *Commonwealth* v. *Ham,* 150 Mass. 122. The conversation of one Conboy with the defendant Cline, and the evidence of one Trainor as to statements made by all of the defendants, while under arrest, were competent for reasons stated in *Commonwealth* v. *Spiropoulos,* 208 Mass. 71, 74. It is familiar law, that evidence of the avoidance of the defendants on the date set for their trial in the Municipal Court, as shown by the proceedings in that court, as well as by the witness Trainor, their flight from the Commonwealth, and subsequent apprehension, was admissible. *Commonwealth* v. *Annis,* 15 Gray, 197.

The exceptions taken at the close of the evidence remain to be considered. The second request, that "there is not sufficient evidence to warrant a verdict of guilty as to either of the defendants upon the second count" could not have been given. If the jury believed the evidence of the government the defendants Davis and Dixon put their hands in the pockets of the unknown man, while the defendant Cline could be found to have acted with them in furtherance of a common criminal purpose. *Commonwealth* v. *Clune,* 162 Mass. 206. *Commonwealth* v. *Peaslee,* 177 Mass. 267, 272, 273. Nor is the exception to a part of the

closing argument of the assistant district attorney tenable. The course pursued by the judge is sanctioned by the decision in *Commonwealth* v. *Poisson,* 157 Mass. 510, 513.

The defendants further contend, that the sentence imposed of eighteen months at hard labor in the house of correction exceeded the jurisdiction of the court. By the R. L. c. 215, § 6, cl. 4, in force when the offense was committed, but repealed by St. 1911, c. 130, punishment for an attempt to commit a crime cannot exceed one half of the maximum penalty which may be imposed for the crime itself, and by R. L. c. 208, § 24, "Whoever commits larceny by stealing from the person of another shall be punished by imprisonment in the State prison for not more than five years, or in jail for not more than two years." In *Commonwealth* v. *O'Neil,* 188 Mass. 330, these sections were construed as authorizing a sentence of two and one half years in the house of correction. It is argued, however, that under R. L. c. 208, § 30, the municipal court having concurrent jurisdiction could not have sentenced for a longer term than three months, and the Legislature could not have intended that the same offense should be punished more severely by one court than by the other. *Commonwealth* v. *Gately,* 203 Mass. 598. But R. L. c. 208, § 30, repealed by the St. of 1911, c. 126, was in effect amended by the St. of 1909, c. 442, which conferred upon the Municipal Court jurisdiction to impose for the offense of which the defendants have been convicted the same sentence as the Superior Court has awarded. R. L. c. 208, § 26. *Commonwealth* v. *Drohan,* 210 Mass. 445, 448. We have considered all of the exceptions and, finding no error of law, the judgment from which an appeal has been taken is affirmed, and the exceptions are overruled.

*So ordered.*

*C. W. Rowley,* for the defendants.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.