THOMAS KELLEY *vs.* COMMONWEALTH.

Worcester.    March 11, 1913. — June 16, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Attempt to commit Crime. Attempt to commit Larceny from the Person. Practice, Criminal,* Sentence.

One who was indicted in the Superior Court for an attempt to commit larceny from the person, if he is convicted, can be sentenced under R. L. c. 215, § 6, cl. 2, to confinement at hard labor in a house of correction for a term of thirty months, although, if his prosecution had been begun by a complaint in a police, district or municipal court he must have been sentenced under cl. 3, which restricts the punishment to imprisonment in jail for not more than one year or a fine of not more than $300.

The statutes of this Commonwealth providing for the punishment of the crime of attempting to commit a crime give no undue discretionary power to the courts in regard to fixing the penalty.

Loring, J. The only errors assigned in this case being errors of law, the questions raised are issues of law and so within the sole jurisdiction of the full court by virtue of R. L. c. 156, § 6. See *Conto* v. *Silvia*, 170 Mass. 152 ; *Perkins* v. *Bangs*, 206 Mass. 408, 413.

There are in form nine assignments of error. But in effect there is but one, namely, that the sentence imposed upon the plaintiff in error was illegal.

The plaintiff in error was indicted and convicted of an attempt to commit larceny from the person* and was sentenced to confinement at hard labor for a term of thirty months in a house of correction. Such a sentence was attacked and upheld in *Commonwealth* v. *O'Neil*, 188 Mass. 330. See also in this connection *Commonwealth* v. *Cline*, 213 Mass. 225.

It is attacked by the plaintiff in error in the case at bar on a new ground, namely: It was decided in *Commonwealth* v. *Drohan*, 210 Mass. 445, that an attempt to commit larceny from the person is within the jurisdiction of police, district and municipal courts. Under St. 1909, c. 442, which was enacted as a substitute for R. L. c. 160, § 28, those courts can impose the same sentence therefor as the Superior Court in like cases, except imprisonment in the State prison. From this it follows (so the plaintiff in error argues) that an attempt to commit larceny from the person comes within the third clause of R. L. c. 215, § 6, and not within the second clause. That is to say, the crime if completed not being punishable by imprisonment in the State prison, the attempt is punishable only under R. L. c. 215, § 6, cl. 3, by imprisonment in jail for not more than a year or by a fine of not more than $300.

It is to be noted in passing that R. L. c. 215, § 6, cl. 4, has been repealed since the decision in *Commonwealth* v. *O'Neil, ubi supra.* See St. 1911, c. 130. The court is not now limited in imposing a punishment for an attempt to a sentence which does not exceed one half the greatest punishment which might have been imposed if the offense attempted had been committed.

It is to be further noted that since the decision in *Commonwealth*

---

* The crime of which the plaintiff was convicted was alleged and found to have been committed on March 9, 1912. The defendant was sentenced as stated above, and a writ of error was issued dated December 9, 1912.

v. *O'Neil, ubi supra,* St. 1911, c. 176 (which was enacted before the defendant committed the crime here in question), has given to police, district and municipal courts jurisdiction concurrent with the Superior Court of all felonies punishable by imprisonment in the State prison for not more than five years, and has authorized those courts to impose the same penalties as the Superior Court in like cases except imprisonment in the State prison.

One convicted of larceny from the person, if prosecuted by an indictment, can be sentenced to the State prison for not more than five years.  R. L. c. 208, § 24.  While if the same defendant is prosecuted for the same offense in a police, district or municipal court, he cannot be sentenced to the State prison at all.  It has been settled for years that such a provision is within the power of the Legislature.  Chief Justice Shaw, in delivering the opinion of this court in *Jones* v. *Robbins,* 8 Gray, 329, 334, said: "It seems manifest, therefore, that the Legislature did define certain offenses by one general designation, and to a certain extent gave a concurrent jurisdiction to different tribunals, and did provide, that an offense coming under that designation, if conviction was had, and in one of those tribunals, might be punishable by imprisonment one year in the State prison; but if conviction was had before a justice of the peace, it would not be subjected to a State prison punishment."  See also *Lewis* v. *Robbins,* 13 Allen, 552.

It follows that if a defendant is indicted for an attempt to commit larceny from the person he can be sentenced under R. L. c. 215, § 6, cl. 2, while he must be sentenced under clause 3 if the prosecution is begun by a complaint.

In addition to the argument which we have just considered, the plaintiff in error has urged that: (1) The decision in *Commonwealth* v. *O'Neil,* 188 Mass. 330, was wrong.  We see no reason for disturbing it.  (2) A defendant cannot be sentenced to confinement by substitution under R. L. c. 220, § 19, to a longer term than the term directly authorized by R. L. c. 215, § 6, cl. 2. It is not necessary to consider that question in this case because the plaintiff in error was sentenced to confinement in a house of correction and there is no provision in R. L. c. 215, § 6, cl. 2, for confinement in such an institution.  And (finally) the plaintiff in error has argued that the statutes as to the sentence which

can be imposed for the crime of which the plaintiff in error was convicted are in a chaotic condition. If we understand the significance of this argument, it is that the discretion given by the statutes to the court in imposing sentence for this crime is so wide that there is at present no valid statute fixing any punishment for this crime. Without going further it is enough to say that in our opinion there is no undue discretion given to the courts in this connection.

The plaintiff in error should have been sentenced to solitary confinement as well as to hard labor, as was the case in *Lane* v. *Commonwealth,* 161 Mass. 120. R. L. c. 220, § 25. However, the plaintiff in error does not complain of that, and therefore the judgment must be affirmed.

*So ordered.*

The case was submitted on briefs.

*J. M. Sullivan & T. F. Kerrigan,* for the plaintiff in error.

*J. A. Stiles,* District Attorney, *& E. T. Esty,* Assistant District Attorney, for the Commonwealth.