# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE SENATE.

Article 12 of the Declaration of Rights by securing to every person the protection of "the law of the land" requires that there shall be an indictment or presentment by the grand jury in instances to which that proceeding is applicable.

A statute, providing that the grand jury, upon request of the district attorney or otherwise, may permit to be present at the examination of witnesses in a case before them a police officer or other person who has prepared such case, would be unconstitutional.

A statute, providing that the grand jury, upon request of the district attorney, may permit the use of an interpreter for a witness before them whose ignorance of English makes this necessary, would be constitutional.

*It seems* that the enactment of a statute permitting the use of interpreters before the grand jury is unnecessary, such a practice existing lawfully without any statute.

THE following order was passed by the Senate on April 2, 1919, and on April 9, 1919, was transmitted to the Justices of the Supreme Judicial Court. On April 21, 1919, the Justices returned the answer which is subjoined.

WHEREAS, There is pending before the General Court a bill numbered Senate 102, a copy of which is hereunto annexed, providing that the grand jury may, upon request of the district attorney, permit to be present at an examination of witnesses in a case which it is investigating, a police officer or other person who has prepared the case, and also an interpreter for a witness unfamiliar with the English language; and

WHEREAS, Grave doubt exists as to the constitutionality of said bill, in view of the decision of the Supreme Judicial Court in the case of the *Commonwealth* v. *Harris*, reported in the two hundred and thirty-first of the Massachusetts Reports, page five hundred and eighty-four; therefore, be it

ORDERED, That the Senate require the opinions of the Honorable the Justices of the Supreme Judicial Court on the following important questions of law:

(1) Would the bill above described be constitutional if enacted into law?

(2) Is it within the constitutional power of the General Court to enact a statute authorizing the grand jury, upon request of the district attorney or otherwise, to permit to be present during its examination of witnesses a police officer or other person who has been engaged on the preparation of the case, or an interpreter to assist in the examination of witnesses who cannot speak English, or whose knowledge of English is so deficient as to render necessary the use of an interpreter?

Senate Bill No. 102, referred to above, was as follows:

An Act regarding Grand Jury.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1. The grand jury may, upon request of the district attorney, permit to be present at the examination of the witnesses in a case, a police officer or other person who has prepared such case.

SECTION 2. The grand jury may, upon request of the district attorney, permit the use of an interpreter for a witness whose knowledge of English makes this necessary.

To the Honorable Senate of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, have considered the questions upon which our opinion is required by the order of April 2, 1919, a copy of which is hereto annexed, and respectfully submit this opinion:

The first inquiry in substance and effect is whether under the Constitution, the grand jury, upon request of the district attorney or otherwise, may permit to be present at the examination of witnesses in a case a police officer who has prepared such case.

The Constitution by art. 12 of the Declaration of Rights secures to every person protection against accusation and trial for crimes of great magnitude without an indictment by the grand jury. That protection is afforded by the phrase "the law of the land" in the provision that no person shall be "arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges,

put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land." "The law of the land" implies an indictment or presentment by the grand jury in instances to which that proceeding is necessary.

The grand jury is an ancient institution. It always has been venerated and highly prized in this country. It has been regarded as the shield of innocence against the plottings of private malice, as the defence of the weak against the oppression of political power, and as the guard of the liberties of the people against the encroachments of unfounded accusations from any source. These blessings accrue from the grand jury because its proceedings are secret and uninfluenced by the presence of those not officially and necessarily connected with it. It has been the practice for more than two hundred years for its investigations to be in private, except that the district attorney and his assistant are present.

Secrecy is a vital requisite of grand jury procedure. It was said in the recent decision of *Commonwealth* v. *Harris*, 231 Mass. 584, at page 586, quoting in part the words of Chief Justice Shaw in *Jones* v. *Robbins*, 8 Gray, 329, 344: "'The right of individual citizens to be secure from an open and public accusation of crime, and from the trouble, expense and anxiety of a public trial, before a probable cause is established by the presentment and indictment of a grand jury, in case of high offences, is justly regarded as one of the securities to the innocent against hasty, malicious and oppressive public prosecutions, and as one of the ancient immunities and privileges of English liberty.' The above quotation is a declaration and decision that the twelfth article of the Declaration of Rights in part was aimed and intended to prohibit the scandal and disgrace of a trial in public of persons charged with infamous crimes and offences when, in truth, there was no sufficient cause to suspect their guilt. It is also a declaration that it shall no longer be possible for one or more judges to compel or direct the examination of a witness to be held in open court before the grand jury, should the judges seek to overawe the latter or the witness by the presence of other witnesses or bystanders, or should he or they be of opinion the prosecution is too indulgently or too vindictively conducted."

These essential characteristics of the grand jury would be broken down if a police officer or other person who had investigated the evidence, interviewed the witnesses, and formulated a plan for prosecuting the accused should be permitted to be present during the hearing of testimony. This conclusion follows irresistibly from the two decisions just cited, by which we are bound. There is no inherent necessity in the efficient conduct of investigation by the grand jury which justifies such invasion of their proceedings by strangers. The presence of a police officer cannot be justified upon such ground. Indeed the attendance of the district attorney and his assistant subserves every rational purpose which could be accomplished by the proposed bill. The attendance of a police officer would afford opportunity for subjecting witnesses to fear or intimidation, for preventing freedom of full disclosure by testimony, and for infringing the secrecy of the proceedings.

Mere rules of procedure practised by our ancestors at the time of the adoption of the Constitution did not become an inherent part of due process. But no change "can be made which disregards those fundamental principles, to be ascertained from time to time by judicial action, which have relation to process of law and protect the citizen in his private right, and guard him against the arbitrary action of government." *Twining* v. *New Jersey*, 211 U. S. 78, 101.

The second branch of the inquiry is whether a statute, authorizing the use of interpreters for witnesses whose ignorance of English renders such course necessary, would be constitutional. The use of interpreters in the presentation to the grand jury of the testimony of witnesses who cannot speak English arises from inherent necessity. It always has been practised. *Case of Norberg*, 4 Mass. 81. The investigations of the grand jury cannot be hampered because witnesses through ignorance or dumbness are unable directly to impart their knowledge of material facts. An interpreter is a witness. *Amory* v. *Fellowes*, 5 Mass. 219, 226. The enactment of a statute to this end would not be unconstitutional. It would add nothing, however, to practice already existing in courts without any statute.

We answer, therefore, to the first question, that section 1 of Senate Bill No. 102 would be unconstitutional and that section 2

of that bill would not be unconstitutional; and to the second question that a statute authorizing the presence with the grand jury, during the examination of witnesses, of a police officer or other person who has prepared the case, would be unconstitutional, and that a statute authorizing the use of an interpreter, in cases where a witness cannot speak English or speaks it so deficiently as not to convey intelligible information, would not be unconstitutional.

> ARTHUR P. RUGG.
> WILLIAM CALEB LORING.
> HENRY K. BRALEY.
> CHARLES A. DE COURCY.
> JOHN C. CROSBY.
> EDWARD P. PIERCE.
> JAMES B. CARROLL.