In re WILLIAM LEBOWITCH, petitioner.

WILLIAM LEBOWITCH *vs.* COMMONWEALTH.

Suffolk.    March 11, 1920. — March 30, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Constitutional Law,* Secrecy of grand jury proceedings. *Jury and Jurors. Practice, Criminal,* Grand jury proceedings, Abatement, Trial together of counts alleging distinct offences, Stay of sentence. *Pleading, Criminal,* Indictment, Plea. *Witness. Attempt to Commit Crime. Writ of Error. Habeas Corpus.*

If an indictment is returned by a grand jury upon evidence received by them from witnesses who testified in the presence of persons whose presence at the hearing was not necessary for the grand jury to ascertain the truth relating to matters under investigation, and if the defendant objects to the indictment on those grounds before he pleads generally, the indictment must be quashed; but such an objection, raised by a petition for a writ of habeas corpus and by a writ of error after a general plea of "not guilty," a trial, a verdict of guilty and a sentence, comes too late.

Even constitutional rights of a defendant under indictment, if they do not affect the jurisdiction of the court over the subject matter of the indictment, must be asserted seasonably.

The soundness of an indictment is admitted by a general plea.

Statement by RUGG, C. J., of some instances where the presence before a grand jury, while a witness is testifying, of persons other than the witness is lawful because it is necessary in order that the grand jury may ascertain the truth as to the matter under investigation.

There is no error in sentencing to the house of correction for thirty months one who has been found guilty on two counts of an indictment severally charging him with separate attempts to commit larceny from the person.

It is not error to place a defendant, charged in two counts of an indictment with distinct attempts to commit larceny from the persons of different individuals, on trial upon both counts of the indictment at the same time.

A refusal by a judge of the Superior Court to stay execution of a sentence imposed upon a defendant who had been found guilty after the trial of an indictment for crime is not subject to review either upon a petition for a writ of habeas corpus or upon a writ of error.

The provisions of R. L. c. 220, § 3, in substance requiring that sentence must be imposed, upon conviction of a crime not punishable by death, notwithstanding the pendency of exceptions, unless the trial judge or a justice of the Supreme Judicial Court shall file a certificate that in his opinion there is reasonable doubt whether the judgment should stand, is constitutional.

In refusing to grant a motion for a stay of execution under R. L. c. 220, § 3, the judge need not state his reasons.

PETITION, filed in the Supreme Judicial Court on April 2, 1919, for a writ of habeas corpus commanding the production before the court from the House of Correction in Suffolk County of the body of the petitioner; also a

WRIT OF ERROR, issued on April 7, 1919, to the Chief Justice of the Superior Court upon petition of the same petitioner, directing the production of the record and proceedings in the indictment, trial, conviction and sentence of the petitioner.

In both petitions it was alleged that on April 6, 1918, the grand jurors for the county of Suffolk returned an indictment against the petitioner in two counts, the first count charging an attempted larceny from the person of one William C. Hunnemann and the second count charging an attempted larceny from the person of one Eben S. Allen; that, during the hearings of the case by the grand jury, there were present Hunnemann and Allen, certain police officers and other persons, not members of the grand jury nor persons lawfully authorized to be with the grand jury while it was hearing the case, and that the petitioner had no knowledge thereof until after his conviction and sentence; that during the trial of the indictment by a traverse jury, the petitioner alleged exceptions to the admission of evidence and to rulings and refusals to rule by the presiding judge; that the petitioner was found guilty and sentenced, and that thereafter he moved for a stay of the sentence until his exceptions were passed upon by this court and that the motion was denied.

The grounds upon which the writ of habeas corpus was asked were that the unlawful presence of persons before the grand jury rendered the indictment against the petitioner invalid, and that the denial of the petitioner's motion to stay sentence and the imposing of sentence upon him before this court had passed upon his exceptions was a denial to him of the due process of law and of the equal protection of the law to which he was entitled under art. 14 of the Amendments to the Constitution of the United States.

The errors alleged in the petition for a writ of error were, in substance, (1) that the unlawful presence of persons before the grand jury rendered the indictment against the petitioner invalid; (2) that the sentence imposed upon the petitioner "was wholly unauthorized and inconsistent with the law of this Commonwealth;" (3) that the trial of the petitioner upon the indictment, "there being two counts therein for two distinct attempts of larceny from the person, committed at different places and in no way connected, infringed upon the inalienable right of a fair and impartial trial which is guaranteed by the Constitution of the United States and of this Commonwealth to every person charged with crime;" (4) that the denial to the petitioner of a stay of sentence until this court had passed upon his exceptions was a denial to him of the right of liberty, and (5) of the due process of law and the equal protection of the law which was his right under art. 14 of the Amendments to the Constitution of the United States.

The Commonwealth filed a plea *in nullo est erratum*, in which, among other allegations, were the following:

"1. In the hearing of said case of Commonwealth *v.* Lebowitch *et al.* before the grand jury which returned the indictment, all witnesses, including the police officers, were in the grand jury room at the time when each of said witnesses was interrogated by an assistant district attorney, and when each gave his testimony, and that the testimony of each of the witnesses was given in the hearing and presence of the other witnesses in the case; but that none other than material witnesses in the case, a stenographer who was duly sworn as required by law, and the assistant district attorney were present at said hearing; that none of said witnesses or persons were present during the deliberations of the grand jury upon said case except that the assistant district attorney was present at said deliberations.

"2. The claim that the indictment against the petitioner was invalid by reason of the presence of persons before the grand jury was not raised in the Superior Court by motion or plea of any kind nor in any way brought to the attention of the court until after a plea of not guilty, verdict of guilty, sentence, and stay of sentence had been refused, although the Commonwealth is willing to concede, if the plaintiff in error so claims, that information

of the presence of said persons before the grand jury as above admitted did not come to the knowledge of the plaintiff in error, or his counsel, until after the defendant had been sentenced, and the motion to stay sentence had been passed upon and denied.

"3. Before the recent decision of this court in the case of *Commonwealth* v. *Harris,* 231 Mass. 584, it had been the long continued usage and custom in the Suffolk District of said Commonwealth and the unbroken practice for over forty years, known and acquiesced in by the justices of the Superior Court, for the grand jury, in their discretion, to permit the presence of more than one witness, including police officers when witnesses, in the grand jury room during the hearing of causes and investigations; that the exercise of this discretion by the grand jury has been found to be necessary at times to call interpreters to remain during the hearings, to confront witnesses with each other, to have witnesses make identifications in the presence of the grand jurors, and, where witnesses in custody were subpoenaed to appear before the grand jury, it has been the practice to admit the jailor or custodian in the grand jury room while testimony was being given; and that it has always been the practice in this and other districts in said Commonwealth for the district attorney or his assistants to be present and interrogate witnesses in grand jury proceedings, and also to be present and render assistance to the grand jury during their deliberations; that the admittance of persons in the grand jury room during the hearing before the grand jury in the case before this court was in accordance with this established custom."

It having been agreed in both cases that the facts were as alleged in the plea *in nullo est erratum* in the writ of error, the petition for a writ of habeas corpus was reserved for the full court by *Carroll,* J., and the two cases were heard by this court together.

*E. M. Shanley,* for the petitioner.

*A. C. Webber,* special Assistant District Attorney, for the Commonwealth.

RUGG, C. J.  1. The main question presented on these records is whether the fact, that at the hearing before the grand jury which returned the indictment against William Lebowitch all the witnesses including police officers were present in the grand

jury room and within hearing at the time when each witness gave his testimony, can be raised after trial, verdict and sentence, in instances where this fact did not come to the knowledge of the person indicted or his counsel until after sentence.

It was decided in *Commonwealth* v. *Harris*, 231 Mass. 584, that a plea in abatement before a general plea of not guilty based on such facts should be sustained. That result was required by *Jones* v. *Robbins*, 8 Gray, 329. Those decisions are based upon the fundamental conception that proceedings before the grand jury must be in secret. In an opinion by the justices reported in 232 Mass. 601, the Senate were advised that a statute permitting police officers to be present in the grand jury room during the examination of other witnesses would be contrary to the right secured by art. 12 of the Declaration of Rights because violative of the essential secrecy of the grand jury.

The chief argument of the district attorney in the case at bar has been directed to the point that that which has been thus declared should be relaxed in favor of a looser and what may be thought more expeditious practice. The matter was carefully considered at length on these two late occasions. Decisions in other jurisdictions now called to our attention were fully examined and maturely considered before these opinions were announced. The conclusions there reached were deliberate. Renewed study of the whole subject does not lead to the result that any erroneous or mistaken view there was set forth. The evil of the contrary practice is denounced by some courts which do not hold it unlawful. *State* v. *Wood*, 112 Iowa, 484, 486. *Sadler* v. *State*, 124 Tenn. 50. *Lawrence* v. *Commonwealth*, 86 Va. 573, 577. While there are adjudications expressing an opinion different from that of this court, many of them arose with reference to the presence of stenographers whose aid was thought to be necessary.

The grand jury as known to the common law always has been regarded as a bulwark of individual liberty and a fundamental protection against despotism and persecution. The rule of secrecy of its hearings and deliberations has come down from early times. There is nothing new about it. Adherence to it, which has been doubtless more strict in some counties than in others in recent years, has never been commonly thought burdensome or found in practice to result in any inefficiency in the in-

quest. One purpose of the grand jury in making its investigations and accusations is to ascertain truth. Where that end in its essence cannot be achieved without the presence of more than one person, the rule that only one person may be present is not applicable. For example an interpreter must be in the grand jury room at the same time with the person ignorant of the English language. A prisoner of desperate character brought on habeas corpus to testify before the grand jury might be taken into its presence under guard. An indispensable attendant for a sick or disabled witness would not contravene the rule. Where for example a ballot box is by law in custody of one person and the key to it in that of another and the grand jury needs to examine the contents of the box, the presence of the two officials necessary to open it would not be a violation of the rule. See *Cochran* v. *State*, 119 Md. 539. Such instances, however, rest upon inherent necessity and not upon convenience. It is only when some imperative compulsion requires it to prevent a miscarriage of justice or an utter failure of the investigation imposed by law upon the grand jury that more than one stranger at a time may be before the grand jury. That is not a relaxation of the established and constitutional method of examination of witnesses before the grand jury but a part of it.

The reasons stated and the conclusions reached in *Commonwealth* v. *Harris*, 231 Mass. 584, and in *Opinion of the Justices*, 232 Mass. 601, need not be repeated. They are approved and adopted as the basis of this decision. The practice to the contrary prevailing in Suffolk County for more than forty years, as averred in the plea *in nullo est erratum*, manifestly cannot override the fundamental law.

Such an objection to an indictment as is here specified can be raised only before the general plea of guilty or not guilty. That was settled in *Commonwealth* v. *Tucker*, 189 Mass. 457, 463. Although the point is not discussed at length in that opinion, it was unequivocally decided. The special plea and motion to quash offered in that case after plea of not guilty but before trial, were based in substance upon irregularities the same in kind as those here relied upon. That decision is decisive against contentions of the present petitioner and plaintiff. It is sound. The matters set forth are essentially in abatement. They do not

affect the jurisdiction of the court over the crime or over the defendant. Even constitutional rights must be seasonably asserted. A general plea to the indictment admits its genuineness. It is a waiver of matters in abatement. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 570. *Commonwealth* v. *Blake,* 12 Allen, 188. *Commonwealth* v. *Lannan,* 13 Allen, 563, 567. *State* v. *Carver,* 49 Maine, 588, 593. *United States* v. *Gale,* 109 U. S. 65. See *Cole* v. *Ackerman,* 7 Gray, 38, 40.

2. The defendant was convicted upon two counts joined in one indictment, each count charging him with an attempt to commit larceny from the person, the individual named in each count being different. He was sentenced for both offences to confinement in the House of Correction for thirty months. There is no error of law to the harm of the defendant in this sentence. R. L. c. 208, § 24; c. 215, § 6, cl. 2; c. 220, § 19. The reasons are elaborated in *Kelley* v. *Commonwealth,* 215 Mass. 209, *Lane* v. *Commonwealth,* 161 Mass. 120, *Commonwealth* v. *O'Neil,* 188 Mass. 330, *Commonwealth* v. *Cline,* 213 Mass. 225, and need not be repeated.

3. Although the indictment charged the defendant in successive counts with distinct offences of the same general nature committed against different persons, there was no error of law in putting him to trial upon both counts at the same time. *Commonwealth* v. *Mullen,* 150 Mass. 394, 397. *Commonwealth* v. *Rosenthal,* 211 Mass. 50. *Commonwealth* v. *Szczepanek, post,* 411.

4. The refusal of the judge to stay execution of the sentence is not subject to review in this proceeding. Sentence must be imposed upon conviction of a crime not punishable by death notwithstanding exceptions, although the execution may be stayed if the justice imposing it or a justice of the Supreme Judicial Court files a certificate, that in his opinion there is reasonable doubt whether the judgment should stand. R. L. c. 220, § 3. This statute is constitutional. The judge was not obliged to state his reasons for refusing to grant a stay. *Commonwealth* v. *Brown,* 167 Mass. 144, 146. No error is shown in this or any other particular.

*Judgment affirmed.*
*Petition for writ of habeas corpus denied.*