# SUPERIOR COURT

State of Rhode Island
vs.                    } Ind.No.12389-12390
Anthony J. Amaral

## RESCRIPT

### November 15, 1924

HAHN, J. Heard on demurrer to plea in abatement, no question having been raised as to the form of demurrer.

The specific grounds of demurrer are:

First. That the plea is duplicitous in that it sets up several distinct matters in one plea;

Second. That it is not sufficiently certain within the rule requiring certainty in pleas in abatement.

Third. That the plea is not properly verified.

On the question of duplicity the plea sets out four distinct matters with regard to the presence and conduct of police officers in the presence of the grand jury.

In State vs. Fidler, 23 R. I. 41, the court has held that the plea should be confined to a single point. Under this decision the several distinct acts alleged in the plea in the case at bar are not properly pleaded.

The plea is for the above reasons duplicitous.

As to certainty, the names of the police officers are not given and it is not stated that their names are not known to defendant; it is not alleged as to whether they were in the grand jury room together or separately; it does not appear whether the officer who aided the assistant to the Attorney General (the name of said assistant not being given), was giving such aid in the presence of the grand jury during the time that witnesses in this matter were being examined. It further does not negative the fact that the police officers were present for some proper purpose. This latter objection to the plea is more logical when it is remembered that it is not alleged that the police officers were present at the same time. One or more might have been necessary for the protection of the grand jury to retain custody of a witness brought in from prison and for a number of other reasons requiring the presence of an officer at any hearing.

In Lebowitch, Petition, 235 Mass. 362, the Massachusetts Supreme Court states the following:

"One purpose of the grand jury in making its investigations and accusations, is to ascertain the truth. Where that end in its essence can not be achieved without the presence of more than one person, the rule that only one person may be present is not applicable. For example, an interpreter must be in the grand jury room at the same time with the person ignorant of the English language. A prisoner of desperate character brought on habeas corpus to testify before the grand jury might be taken into its presence under a guard. An indispensable attendant for a sick or disabled witness would not contravene the rule. Where, for example, a ballot box is by law in custody of one person and the key to it in that of another and the grand jury needs to examine the contents of the box. Such instances, however, rest upon inherent necessary and not upon convenience."

That the police officers were there through any such necessity is not negatived.

On the question of certainty in pleas in abatement having to do with the proceedings before a grand jury, unless great certainty is required they would enable defendants to inquire into proceedings which it is intended shall be and remain secret. Unless the facts set out in the pleas are based on actual and specific information the plea will reflect the uncertainty of the pleader in regard to the

actual happenings before the grand jury and a hearing of such plea upon the facts would result in violating the secrecy which should surround the actions of a grand jury.

With regard to the verification, it would seem to be better practice that defendant should sign and verify the plea. There are authorities to the effect that unless the plea is to the jurisdiction, it may be signed and verified by counsel.

As the plea is duplicitous and uncertain, the demurrer to the same is sustained nad the plea overruled.

For State: Herbert L. Carpenter and George H. Hurley.

ForDefendant: Walter I. Sundlun and William A. Needham.