### COMMONWEALTH *vs.* SAMUEL C. HARRIS.

Middlesex.　　November 22, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Constitutional Law,* Secrecy of grand jury proceedings.　*Jury and Jurors. Practice, Criminal,* Grand jury proceedings.　*Witness.*

An indictment found and returned by a grand jury upon testimony given before them by witnesses in the presence of other witnesses is a violation of art. 12 of the Declaration of Rights, although no person not a member of the grand jury was present while that body was deliberating upon the evidence presented.

A plea in abatement to an indictment for crime on the ground that, while the grand jury were hearing testimony upon the subject matter of the indictment, other witnesses than the witness testifying were present in the grand jury room, must be sustained although it appears that such witnesses were present solely for the purpose of testifying and it is not shown that the defendant suffered any harm from their presence.

INDICTMENT, found and returned on November 22, 1917, charging that the defendant received an automobile knowing it theretofore to have been stolen.

The defendant filed a plea in abatement on the ground that, "while the grand jury was hearing, inquiring into, and examining the matter of the indictment, two police officers and other persons, not members of the grand jury and not authorized to be present, were present with the grand jury while it was so hearing, inquiring into, and examining said matter." The Commonwealth traversed the allegations of the plea and, in lieu of a hearing on the facts, the parties stipulated "that while the above entitled cause was being heard by the grand jury one or more persons, witnesses in the case, were in the grand jury room present while other witnesses were testifying; but that no witness or other person, not a member of the grand jury, was present while that body was deliberating upon the evidence presented."

The plea was heard by *Callahan,* J., who ruled that, it not appearing in the stipulation that any of the persons present with the grand jury were there for any other purpose than to answer as witnesses when called, and it further not appearing that the defendant suffered any harm from their presence, the presentment was not vitiated and the indictment was valid. The plea accordingly was overruled.

After a trial the defendant was found guilty and alleged exceptions.

*H. H. Pratt,* for the defendant.

*N. A. Tufts,* District Attorney, *G. S. Harvey,* Assistant District Attorney, & *F. W. Fosdick,* Deputy District Attorney, for the Commonwealth.

PIERCE, J. It was decided in *Jones* v. *Robbins,* 8 Gray, 329, that the clause in art. 12 of the Declaration of Rights which reads: "no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land," made an indictment or presentment of a grand jury essential to the validity of a conviction in cases of prosecution for felonies. In the opinion, delivered by Chief Justice Shaw, the court adopts the conclusion of Chancellor Kent that "'The words *by the law of the land,* as used originally in *Magna Charta* in reference to this subject, are understood to mean due process of law, that is, by indictment or presentment of good and lawful men,'"

and goes on to declare that "The right of individual citizens to be secure from an open and public accusation of crime, and from the trouble, expense and anxiety of a public trial, before a probable cause is established by the presentment and indictment of a grand jury, in case of high offences, is justly regarded as one of the securities to the innocent against hasty, malicious and oppressive public prosecutions, and as one of the ancient immunities and privileges of English liberty."

The above quotation is a declaration and decision that the twelfth article of the Declaration of Rights in part was aimed and intended to prohibit the scandal and disgrace of a trial in public of persons charged with infamous crimes and offences when, in truth, there was no sufficient cause to suspect their guilt. It is also a declaration that it shall no longer be possible for one or more judges to compel or direct the examination of a witness to be held in open court before the grand jury, should the judges seek to overawe the latter or the witness by the presence of other witnesses or bystanders, or should he or they be of opinion the prosecution is too indulgently or too vindictively conducted. See Chitty Crim. Law, (2d ed.) 312, and cases cited. *Earl of Shaftesbury's Trial*, 8 How. St. Tr. 759, 771. Forsyth's History of Trial by Jury, 224.

It is manifest an examination of witnesses by the grand jury in the presence of others, — witnesses, bystanders or judges, — necessarily and inevitably subjects the accused to a public trial without right to testify in his own behalf or to be represented by counsel or attorney. It is equally plain such procedure destroys the force and vital principle of the oath which enjoins the grand jury to keep secret "the Commonwealth's counsel, your fellows' and your own." R. L. c. 218, § 5. The principle of secrecy is not impaired by permitting a grand juryman, after the finding of an indictment, to testify that a witness on behalf of the prosecution testified differently on his examination before them from the testimony given by him before the jury of trial. *Commonwealth* v. *Mead*, 12 Gray, 167.

Since the failure of the judges in 1681, *Earl of Shaftesbury's Trial*, *supra*, to compel the grand jury by an open hearing to find a bill or indictment, the investigations have been invariably made in privacy. In England "The grand jury sit by themselves and hear

the witnesses one at a time, no one else being present except the solicitor for the prosecutor if he is admitted." 1 Stephen's History of the Criminal Law of England, 274. Such has always been the procedure in Massachusetts until in recent years, in a few counties the grand jury at the instance of the district attorney has permitted persons to be present at the sessions of the jury other than the witness undergoing examination, the district attorney, his assistant and a stenographer appointed under R. L. c. 165, § 84, by a justice of the Superior Court "who shall be sworn and who shall take stenographic notes of such testimony given before the grand jury as he [the district attorney] may direct." The provision of the statute relating to the presence of a stenographer in the grand jury room, is a statutory recognition of the rule of exclusion which in its absence obtains.

The provision, in substance, that no person shall be held to answer for crimes above the grade of misdemeanor unless upon indictment, means an indictment found in the usual course of proceedings in pursuance of the methods of conducting the deliberations of grand jurors established by generations of procedure in England and in this Commonwealth. *Commonwealth* v. *Woodward*, 157 Mass. 516.

The contention of the Commonwealth that the burden is upon the defendant to show he was injured by action of the grand jury is unsound, because in the nature of things it would be impossible to prove the fact, if true, before the jury trial and because the wrong complained of is the violation of a substantial right guaranteed by the Declaration of Rights, and is not a mere failure of the grand jury to observe technical requirements and formalities. *Hartgraves* v. *State*, 5 Okla. Cr. Rep. 266. *Collier* v. *State*, 104 Miss. 602. *State* v. *Wetzel*, 75 W. Va. 7. *United States* v. *Heinze*, 177 Fed. Rep. 770. Our conclusion is supported by *State* v. *Bowman*, 90 Maine, 363; *Latham* v. *United States*, 141 C. C. A. 250; *S. C. L. R. A.* 1916 D 1118, and cases cited and collected in a note thereto; and is opposed by *State* v. *Brewster*, 70 Vt. 341; *S. C.* 42 L. R. A. 444, and cases collected.

We think it wise to continue to follow the well settled methods of procedure which were adopted at and have continued since the settlement of this Commonwealth. It follows that the trial judge should have found the plea in abatement sufficient.

*Exceptions sustained.*