OPINION OF THE JUSTICES TO THE GOVERNOR.

*Constitutional Law,* Grand jury, Equal protection of laws, Opinions of the Justices. *Supreme Judicial Court,* Opinions of the Justices. *Grand Jury,* Presence of counsel. *Practice, Criminal,* Grand jury proceedings.

A legislative bill pending before the Governor to authorize any witness before a grand jury to have counsel present and to consult with him, but prohibiting counsel from making objections or arguments or otherwise addressing the grand jury or the district attorney, would not, if enacted, impair seriously the "secrecy" aspect of grand jury proceedings, and would not violate art. 12 of the Declaration of

Rights of the Massachusetts Constitution [917-921]; the bill's silence on the matter of furnishing counsel to indigent grand jury witnesses without counsel does not manifest constitutional infirmity under the equal protection of the laws requirement in the Massachusetts and Federal Constitutions [921-922].
The Justices declined to answer a remote problem of constitutionality put by the Governor in a request for an opinion with respect to a legislative bill before him. [922]

On November 28, 1977, the Justices submitted the following answers to questions propounded to them by the Governor.

To His Excellency, the Governor of the Commonwealth:

The Justices of the Supreme Judicial Court respectfully submit their answers to the questions set forth in the request of the Governor, dated November 6, 1977, for our opinion concerning a bill, Senate No. 1482, now pending before him.

The bill, of which a copy was forwarded with the Governor's request, is entitled "An Act authorizing counsel to be present at grand jury proceedings," and reads in its entirety as follows: "Chapter 277 of the General Laws is hereby amended by inserting after section 14 the following section: — *Section 14A.* Any person shall have the right to consult with counsel and to have counsel present at every step of any criminal proceeding at which such person is present, including the presentation of evidence, questioning, or examination before the grand jury; provided, however, that such counsel in a proceeding before a grand jury shall make no objections or arguments or otherwise address the grand jury or the district attorney. No witness may refuse to appear for reason of unavailablity of counsel for that witness."

The Governor inquires:

"1. Would the enactment of S. 1482, authorizing the presence of counsel for a witness before grand jury proceedings, violate Article 12 of the Declaration of Rights of the Constitution of the Commonwealth?"

Stating, in the preamble to his request, that "the appointment of counsel for indigent witnesses before grand jury proceedings is not expressly mandated and does not appear to be intended by said bill," the Governor inquires further:

"2. Would the enactment of S. 1482 invidiously discriminate against indigent grand jury witnesses without counsel, thereby denying such persons the equal protection of the law guaranteed by Articles 1, 10 and 12 of the Declaration of Rights of the Massachusetts Constitution and the Fourteenth Amendment to the United States Constitution?

"3. If the answer to question 2 is in the negative, would statements before a grand jury, or the fruits of such statements, made by an indigent witness without counsel be constitutionally admissible against such person in subsequent criminal proceedings?"

We invited the submission of briefs from any official or unofficial source, and express our thanks for those submitted.[1] The briefs, besides discussing the legal issues, have touched on questions of policy and feasibility raised by the proposed legislation, including the question of cost and, with respect to the grand jury, of possible impairment of its investigatory function. Although discussion of these questions is natural in argumentative briefs, we emphasize that it is not part of our task to answer them and that it would be improper for us to attempt to do so. Our task is rather the different and narrow one of dealing with the precise legal questions put and only so far as these are within our advisory jurisdiction under Part II, c. 3, art. 2, of our Constitution.

1. The first question asks whether so much of the bill as authorizes the presence of counsel for a witness at

---

[1] Briefs were submitted on behalf of the Governor, the Massachusetts District Attorneys Association, and the District Attorney for the Norfolk District, and a joint brief on behalf of the Civil Liberties Union of Massachusetts, Massachusetts Bar Association, and Massachusetts Association of Criminal Defense Lawyers.

grand jury proceedings would violate art. 12 of the Massachusetts Declaration of Rights. The reference is to the words "the law of the land" appearing in art. 12, which were held in the case of *Jones* v. *Robbins*, 8 Gray 329, 347 (1857), to embody a requirement of indictment by a grand jury as a condition of the prosecution of an individual for an "infamous" crime.

The only constitutional vice that suggests itself here is that the presence of counsel might conceivably compromise the "secrecy" of grand jury proceedings, which has been regarded as an important attribute of the institution. In considering this issue, we do well to recall, as Chief Justice Shaw indicated in the *Jones* case (*id.* at 340), and as the court has since maintained, that the Constitution does not freeze beyond legislative change the details of grand jury proceedings as known in the Eighteenth Century, but rather preserves the essence of the institution as it functions in a contemporary setting. See *Commonwealth* v. *Jordan*, 207 Mass. 259 (1911). Cf. *Opinions of the Justices*, 360 Mass. 877, 885 (1971) (trial jury of six). Thus grand jury procedures have been altered in various respects over the years without offense to art. 12. See *Commonwealth* v. *Favulli*, 352 Mass. 95 (1967); *Commonwealth* v. *Jordan, supra; Commonwealth* v. *Hill,* 11 Cush. 137 (1853); *Commonwealth* v. *Parker,* 2 Pick. 550, 553 (1824). And so, with respect to secrecy, it is only the fundamental behind it that can make any claim to constitutional protection.

Grand jury proceedings originally were public. This made it easy for the crown to exert pressure on the jurors. Ultimately the English grand jury won the right to examine witnesses and deliberate privately, without the presence or participation of the royal justices or prosecutors. See 8 J. Wigmore, Evidence § 2360 (McNaughton rev. 1961). The tradition of secrecy or privacy continues in this Commonwealth in the qualified sense that the grand jury is guarded within reasonable limits from extraneous influences that might distort their investigatory or accusatory functions. This relative isolation also has collateral

benefits in tending to protect witnesses against intimidation, *Commonwealth* v. *Mead*, 12 Gray 167, 170 (1858), and to save individuals from notoriety unless probable cause is found against them and an indictment is returned and disclosed. See *Commonwealth* v. *Harris*, 231 Mass. 584, 586 (1919).[2]

In a somewhat ironical turn of history, the presence and assistance of prosecuting attorneys in the grand jury room during the examination of witnesses is not only considered today to be unobjectionable, *Commonwealth* v. *Kozlowsky*, 238 Mass. 379, 388 (1921), but is provided for by statute (G. L. c. 277, § 9), with the understanding, however, that these attorneys are not to appear in overbearing or intimidating numbers or seek unduly to impose their preferences on the jury. See *Commonwealth* v. *Beneficial Fin. Co.*, 360 Mass. 188, 209 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts*, 407 U.S. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts*, 407 U.S. 914 (1972); *Commonwealth* v. *Schnackenberg*, 356 Mass. 65, 68-69 (1969); *Commonwealth* v. *Favulli, supra* at 106-107. A stenographer, interpreter, guard for a witness in custody, or like auxiliary is admitted out of necessity. See *Lebowitch, petitioner*, 235 Mass. 357 (1920). Except as just noted, a witness has only the jurors as an audience while testifying; others, including previous and subsequent witnesses, are excluded: thus a police officer who may have investigated the matter, and may himself serve as a witness, will not attend anyone else's testimony. See *Commonwealth* v. *Schnackenberg, supra* at 69; *Commonwealth* v. *Harris, supra.* Of course, members of the press are not in attendance.

As to the testimony given, the jurors are sworn by their statutory oath, G. L. c. 277, § 5, not to divulge it, nor may they discuss their deliberations or votes, but there is some relaxation of the enforced silence after an indictment has come down. See *New Hampshire Fire Ins. Co.* v. *Healey*,

---

[2] Other reasons offered for grand jury secrecy, see 8 J. Wigmore, *supra* § 2360, are not pertinent here and need not be described.

151 Mass. 537 (1890). The law, however, has treated witnesses quite differently. Even contemporaneously, before indictment, no prohibition is laid on them as to discussing their testimony. See *Silverio* v. *Municipal Court of the City of Boston,* 355 Mass. 623 (1969); *Commonwealth* v. *Geagan,* 339 Mass. 487 (1959).[3]

The practice in the Commonwealth has been that a witness appearing for examination in the grand jury room is not accompanied by counsel (this is the general but not uniform practice in this country). But, as indicated above, a witness is not prohibited from discussing his testimony, as given or anticipated, with his counsel. It is recognized that a witness may need advice during his examination with respect to claiming the privilege against self-incrimination. Hence the practice in the Commonwealth (and many other jurisdictions) has been to break off the examination of a witness when he seeks legal advice and allow him to leave the room, consult with his counsel waiting in the corridor, and then return for continued examination. This may happen repeatedly in the course of the questioning.

The bill before the Governor would go further than the current practice and give the witness a right to be accompanied by his counsel in the grand jury room, the function of counsel being limited to giving advice to his client. While this would add a person to the permitted attendance in the grand jury room, we do not think it could be held to impair seriously the fundamental aims or role of secrecy. Counsel could make no statement to influence the jurors, and any constitutional question perhaps ends there.[4] Ex-

---

[3] Also to be mentioned here is the right of a defendant standing trial, in the circumstances and to the extent described in *Commonwealth* v. *Stewart,* 365 Mass. 99, 105-107 (1974), to obtain a transcript of testimony before the grand jury to assist him in preparing for and conducting his defense.

[4] *Commonwealth* v. *Harris,* 231 Mass. 584 (1919), and *Opinion of the Justices,* 232 Mass. 601 (1919), express in constitutional terms a fear that the presence of unnecessary persons could turn the grand jury proceeding into a public "trial" and thereby infringe the self-defense rights of the potential accused. This stricture, however, hardly applies to the presence of counsel under the limiting conditions of the present bill.

cept on the harsh predicate that counsel would not be loyal to his client, it cannot be supposed that he would intimidate him. Counsel's possibly improved efficiency, through his presence in the room, in advising his client of his legal rights could not be counted a constitutional fault, and might indeed be argued to justify some mitigation of secrecy. Counsel would hear only his client's testimony and could not relate more of it to outsiders than his client was entitled to divulge, even if, in disregard of the relationship, he told more than his client wished. We conclude that the bill's effect on secrecy of the grand jury would not be of such dimension as to violate the Constitution.[5]

2. The question whether the proposed legislation "[w]ould . . . invidiously discriminate against indigent grand jury witnesses without counsel" calls for an interpretation of the bill to see what, if anything, it says about representation of indigents. See *Opinion of the Justices*, 309 Mass. 571, 581-582 (1941). As the Governor has indicated in the preamble to his request quoted above, the bill does not expressly or impliedly require the appointment of counsel for indigents. Neither does it forbid such appointment. (The second sentence of the bill does not suggest a prohibition; it appears to be a calendaring provision.) Nor can there be found in the bill any indication by the Legislature that it would prefer to deprive the legislation of all effect with respect to witnesses before the grand jury if it should subsequently be held as a matter of constitutional law or otherwise that counsel must

---

[5] A few States — Kansas (Stats. Ann. § 22-3009 [1974]), Michigan (Stats. Ann. § 28:943 [1972]), Utah (Code Ann. § 77-19-3 [1977 Supp.]), and Washington (Rev. Code Ann. § 10.27.120 [1977 Supp.]) — have adopted legislation regarding grand jury witnesses similar to Senate No. 1482. In two of these States mention is made of the grand jury in the Constitutions. Utah Const., art I, § 13; Washington Const., art. I, §§ 25, 26. We have found no case attacking any of these statutes on breach-of-secrecy grounds. The American Law Institute's Model Code of Pre-Arraignment Procedure (1975) proposes similar legislation (at § 340.3) without intimating in its comment that a constitutional question may arise about preserving "secrecy." Similar legislation has also been recommended by the American Bar Association. Summary of Action of the House of Delegates 23 (1977 Annual Meeting).

be provided in cases of indigency. Cf. *Commonwealth* v. *Britt,* 362 Mass. 325, 328-329 (1972). In short, the bill is altogether silent on the matter of furnishing counsel.

It follows that there is no constitutional infirmity in the bill deriving from the requirement of equal protection of the laws under the State or Federal Constitution. It is illustrative of this point that when courts have held as a matter of equal protection that indigent litigants must be provided with the forensic aid of appointed counsel or a transcript on appeal, or the like, they have not said that the general statute regulating appeal or some other procedure was rendered unconstitutional.[6] The courts have simply left it to the State to supplement the statutory scheme as far as needed to accommodate the indigent. See *Lane* v. *Brown,* 372 U.S. 477, 485 (1963); *Griffin* v. *Illinois,* 351 U.S. 12, 20 (1956). See also *Griffin* v. *Illinois, supra* at 34-36 (Harlan, J., dissenting) (no impermissible State classifications involved in these cases).

The foregoing discussion answers the question put. As already suggested, it is a quite different question whether indigents would be entitled to appointed counsel, if the bill were enacted. This is a contingent, future legal question which we believe to be beyond our proper function to answer under our advisory jurisdiction. See *Opinion of the Justices,* 368 Mass. 857, 866 (1975); *Opinion of the Justices,* 347 Mass. 789, 791 (1964); *Answer of the Justices,* 319 Mass. 731, 734 (1946).

3. The third question is not even in form a question as to the constitutionality of the bill laid before the Governor, but puts a problem of constitutionality more remote than the one we have considered under question 2 to be outside our advisory province.

We answer questions 1 and 2 "No." We request to be excused from answering question 3.

---

[6] See, e.g., *Mempa* v. *Rhay,* 389 U.S. 128, 137 (1967); *Douglas* v. *California,* 372 U.S. 353 (1963). Cf. *Blazo* v. *Superior Court,* 366 Mass. 141 (1974).

The foregoing answers and opinions are submitted by the Chief Justice and the Associate Justices subscribing hereto on the 28th day of November, 1977.

> EDWARD F. HENNESSEY
> FRANCIS J. QUIRICO
> ROBERT BRAUCHER
> BENJAMIN KAPLAN
> HERBERT P. WILKINS
> PAUL J. LIACOS
> RUTH I. ABRAMS