In the Matter of PETITIONS FOR DISCLOSURE OF DOCUMENTS SUBPOENAED BY the GRAND JURY FROM Gary SACK.

Grand Jury No. 82–8.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 30, 1985.

Lori F. Fischler, Civ. Div., Dept. of Justice, Washington, D.C., for the Government.

Robert M. Entin, Miami Beach, Fla., pro se.

Gary B. Sack, Miami, Fla., pro se.

Charles F. Mills, Miami, Fla., for Richard Gilliam.

Clifford A. Kornfield, New York City, for Israel Discount Bank.

Byron Peterson, Miami, Fla., for Alex Halberstein & Kan Rap.

## MEMORANDUM OPINION AND ORDER ON THE PETITION OF THE UNITED STATES OF AMERICA FOR DISCLOSURE OF DOCUMENTS SUBPOENAED BY THE GRAND JURY

SPELLMAN, District Judge.

THIS CAUSE is before the Court on the United States of America's Petition for Disclosure of Documents Subpoenaed by the Grand Jury, filed pursuant to Fed.R. Crim.P. 6(e)(3)(C) and (D). The Court having reviewed the memorandum of law submitted by the Government, and in light of the absence of any objection of Gary Sack, it is hereby

ORDERED AND ADJUDGED that the Petition is GRANTED. The Government, through attorneys for the Civil Division, seeks disclosure of those documents which it requested from Gary Sack in its First Set of Document Requests and related interrogatories, to which Mr. Sack did not respond. Upon information provided by Mr. Sack and an affidavit submitted by Special Agent William Van Loon of the Federal Bureau of Investigation, it is apparent that these documents are not in the custody or control of Mr. Sack; rather, they remain in the custody of the FBI. These documents, in addition to others, were part of the evidence considered by Grand Jury No. 82–8, whose investigation ultimately led to guilty pleas of the defendants in the following cases: *United States of America v. Gary Sack,* Case No. 83–122–Cr–WMH and *United States of America v. Robert Entin,* Case No. 82–42–Cr–WMH. Disclosure of these documents is requested in connection with *United States of America v. Robert Entin, et al.,* Case No. 84–2422–Civ–Spellman (S.D.Fla.), which the Civil Division attorneys have filed to recover the monies allegedly obtained through fraudulent scheme in which these defendants, Sack and Entin, were involved.

The civil action against the defendants was filed on October 12, 1984, under the False Claims Act, 31 U.S.C. §§ 3729–3731. On or about February 20, 1985, the United States served Mr. Sack with its first set of interrogatories and document requests. Mr. Sack failed to respond within thirty days in contravention of Rule 33, Fed.R. Civ.P. On April 2, 1985, Mr. Sack was notified, in compliance with Rule 10(I)(7) of the Local Rules for the Southern District of Florida, that unless he responded by April 12, 1985, a motion to compel would be filed by the Government. On April 15, 1985, Mr. Sack contacted the Government, and stated that he did not have some of the documents because they were turned over to the grand jury, and he needed them to provide responses. Although the Government told Mr. Sack to respond as best he could anyway, Mr. Sack failed to respond. The Government moved for sanctions against Mr. Sack for discovery abuses on June 21, 1985. This Court treated said motion as a motion to compel, which it granted on July 29, 1985. To date, there has still been no response by Mr. Sack.

The Government has moved for a Court Order, pursuant to Fed.R.Crim.P. 6(e)(3)(C) and (D), entitling it to disclosure of grand jury documents. Pursuant to this rule, the Civil Division Attorneys must show a "particularized need" before access to such information may be permitted. This requirement applies to private parties, too. *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 442, 103 S.Ct. 3133, 3147, 77 L.Ed.2d 743 (1983). In *Douglas Oil Co. v. Petrol Stops Northwest,* 441

U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979), the Supreme Court explained the standard used to define "particularized need":

> "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to covered only material so needed...."

■ The Government has satisfied the requirements set forth in *Douglas*. First, it is clear that without the requested documents, the Government will be hampered significantly in its civil action, as no other means to obtain the information contained in the documents seems to exist. Although disclosure of grand jury documents is not a substitute for diligent discovery methods, it appears to be necessary in this case. In fact, the defendant Sack has no objection to the disclosure.

■ Second, there is little need, at this point, for continued grand jury secrecy. In *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the Supreme Court set out the policies underlying grand jury secrecy:

> (1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicated by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been un-

der investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 681–82 n. 6, 78 S.Ct. at 985–86 n. 6, *quoting United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir.1954). The first three considerations do not apply to the facts of this case, as the investigation has been completed and the grand jury has been released. There is little danger of discouraging free disclosures by persons with information of criminal activity; the documents in question relate to specific parties and specific acts, which have already been investigated. *See United States v. Moten,* 582 F.2d 654, 663 (2d Cir.1978). There is no indication that the release of these documents will have any affect on the free flow of testimony by prospective witnesses in this case or any other. Under the circumstances such as the ones before the Court, documents subpoenaed by a grand jury "may be subject to less exacting scrutiny and more readily disclosed." *Index Fund, Inc. v. Hagopian,* 512 F.Supp. 1122, 1128 (S.D.N.Y.1981). Thus, the mere fact that documents have been presented to a grand jury, does not in and of itself cloak them in a permanent state of secrecy. Based on the above and foregoing, it is the opinion of the Court that the government has fulfilled its burden and has shown that disclosure of documents is appropriate under the circumstances of this case.[1]

It is further

ORDERED AND ADJUDGED that the Federal Bureau of Investigation shall release the documents to the United States, who shall thereupon provide all parties with copies, taxable as costs if desired.[2]

---

1. The Government shall act as the custodian of the documents disclosed.

2. An affidavit was filed by Israel Discount Bank in support of its petition, setting forth the factu-

al basis for its request. The legal reasoning set forth in this Order applies to Israel Discount Bank's petition as well as to that of the Government.