NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-215                                              Appeals Court

IN THE MATTER OF A GRAND JURY INVESTIGATION.


No. 16-P-215.

Middlesex.      October 5, 2017. - December 11, 2017.

Present:  Sullivan, Blake, & Singh, JJ.


Witness, Compelling giving of evidence, Self-incrimination.
     Constitutional Law, Self-incrimination.  Cellular
     Telephone.  Grand Jury.  Privacy.  Public Records.
     Practice, Criminal, Assistance of counsel.  Contempt.


     Motion filed in the Superior Court Department on January
22, 2016.

     The proceeding was heard by Kimberly S. Budd, J., and entry
of a judgment of contempt was ordered by her.


     Joanne M. Daley, Committee for Public Counsel Services, for
the petitioner.
     Kevin J. Curtin, Assistant District Attorney, for the
Commonwealth.


     BLAKE, J.  The petitioner appeals from an order directing

him to enter his personal identifying number (PIN) access code

(hereinafter PIN code) into his Apple iPhone (a "smart" cellular

telephone, hereinafter iPhone), and a subsequent judgment of contempt for refusing to comply. We affirm.

Background. A Middlesex County grand jury requested that an assistant district attorney seek an order from a Superior Court judge as part of an ongoing investigation of an assault and battery on two children. The Commonwealth thus moved for an order that the petitioner produce the PIN code and any other electronic key or password required for the iPhone. A search warrant previously issued in the Lowell Division of the District Court Department had authorized a search of the contents of the iPhone.

The motion, the proposed order, and two additional documents were filed in court under seal. The motion and the proposed order were served on counsel for the petitioner; the additional documents were not. One of the additional documents was a statement showing the petitioner's ownership and control of the iPhone and the Commonwealth's knowledge thereof. The other document was an affidavit of the assistant district attorney, which summarized the evidence before the grand jury; appended to the affidavit was a transcript of the grand jury proceedings.

The petitioner filed a reply. After a hearing, in which petitioner's counsel participated, the Commonwealth's motion was allowed, and an order entered detailing the protocol by which

the petitioner would enter the PIN code so that the search warrant could be executed. The order also prohibited the Commonwealth from introducing evidence of the petitioner's act of production in any prosecution of him.

When the petitioner refused to comply with the order, the Commonwealth filed a petition for civil contempt. The same day, the petitioner was adjudicated in civil contempt and was ordered held in custody until he purged the contempt by complying with the order. A stay of execution of the judgment was allowed by agreement. This appeal followed.

Discussion. A. Order to enter PIN code. The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." The protections of the Fifth Amendment apply to testimonial statements that may support a conviction, and to those that "would furnish a link in the chain of evidence needed to prosecute" a defendant. Hoffman v. United States, 341 U.S. 479, 486 (1951). See Couch v. United States, 409 U.S. 322, 328 (1973).

When the Commonwealth compels a witness to produce evidence, the act of production itself may implicate Fifth Amendment concerns. Commonwealth v. Gelfgatt, 468 Mass. 512, 520 (2014). This is so because the act itself could be

considered testimonial.  Id. at 520-521.  The Supreme Judicial

Court has summarized the applicable law as follows:

> "Although the Fifth Amendment privilege typically applies
> to oral or written statements that are deemed to be
> testimonial, . . . the act of producing evidence demanded
> by the government may have 'communicative aspects' that
> would render the Fifth Amendment applicable. . . .  Whether
> an act of production is testimonial depends on whether the
> government compels the individual to disclose 'the contents
> of his own mind' to explicitly or implicitly communicate
> some statement of fact. . . .  More particularly, the act
> of complying with the government's demand could constitute
> a testimonial communication where it is considered to be a
> tacit admission to the existence of the evidence demanded,
> the possession or control of such evidence by the
> individual, and the authenticity of the evidence."

Ibid.  Nonetheless, the law provides that the compelled

information may lose its testimonial character in certain

limited circumstances.  Id. at 522.  That is, even if the

compelled production does force the accused to disclose a

statement of fact, the sought-after information may lose its

testimonial character and not violate the defendant's Fifth

Amendment rights if the information provided is a "foregone

conclusion."  Ibid.

"The 'foregone conclusion' exception to the Fifth Amendment

privilege against self-incrimination provides that an act of

production does not involve testimonial communication where the

facts conveyed already are known to the government, such that

the individual 'adds little or nothing to the sum total of the

Government's information.'"  Ibid., quoting from Fisher v.

United States, 425 U.S. 391, 411 (1976).  To establish the foregone conclusion exception, the Commonwealth bears the burden to show "its knowledge of (1) the existence of the evidence demanded; (2) the possession or control of that evidence by the defendant; and (3) the authenticity of the evidence."  Ibid.  In short, where the Commonwealth's motion compels a defendant to tell "the government what it already knows," the motion "does not violate the defendant's rights under the Fifth Amendment."  Id. at 524.  Contrast United States v. Hubbell, 530 U.S. 27, 43-45 (2000).

The foregone conclusion exception has applied when the government independently and with specificity established the authenticity, existence, and possession of the compelled information.  Gelfgatt, supra at 522.  In Gelfgatt, the Commonwealth possessed "detailed evidence" of fraudulent mortgages linked to a financial services company.  468 Mass. at 523.  When the defendant was arrested, he admitted to the police that he worked for the financial services company and had communications with the company contained on his home computers, which he had encrypted and only he could decrypt.  Id. at 517.  Although the court acknowledged that by entering an encryption key into his computers, "the defendant implicitly would be acknowledging that he has ownership and control of the computers and their contents[,] . . . facts that would be relevant to the

Commonwealth's case," id. at 522, the court found that "the factual statements that would be conveyed" were a "foregone conclusion," id. at 523, because "the defendant's act of decryption would not communicate facts . . . beyond what the defendant already . . . admitted to investigators." Id. at 519.

Here, the Commonwealth contends that the act of the petitioner entering the correct PIN code, in light of the evidence already known to the Commonwealth, communicates only evidence that is merely a foregone conclusion and "adds little or nothing to the sum total of the Government's information." Id. at 522, quoting from Fisher, supra. We agree. To meet its burden under this doctrine, the Commonwealth was required to demonstrate knowledge of the petitioner's ownership and control of the iPhone and its contents, as well as "knowledge of the fact of [PIN code protection], and knowledge of the [existence of the PIN code]." Id. at 524. The Commonwealth was not required to show that it knew the specific content of the iPhone, but it did need to demonstrate knowledge of the existence and the location of the content. Id. at 523, citing United States v. Fricosu, 841 F. Supp. 2d 1232, 1237 (D. Colo. 2012) ("Fifth Amendment not implicated by requiring production of unencrypted contents of computer where government knew of existence and location of files, although not specific content

of documents, and knew of defendant's custody or control of computer").

Here, the Commonwealth demonstrated sufficient knowledge to show that the factual statements that the petitioner's act of entering his PIN code would convey are foregone conclusions. As summarized in the grand jury materials submitted to the judge under seal, the Commonwealth already knew that the iPhone contained files that were relevant to its investigation based, in part, on information provided by the petitioner. In addition, the Commonwealth knew that a PIN code was necessary to access the iPhone, that the petitioner possessed and controlled the iPhone, and that the petitioner knows the PIN code and is able to enter it. Accordingly, the Commonwealth established independently and with specificity the authenticity, existence, and possession of the compelled information.

Thus, the order does not require the petitioner to communicate information that would fall within constitutional self-incrimination protection. The affidavit in support of the search warrant application established that the Commonwealth had probable cause to believe that the iPhone contained evidence of the crimes that are the subject of the grand jury investigation. The order simply allows execution of that warrant. See ibid., quoting from Fisher, 425 U.S. at 411 ("In those instances when the government produces evidence to satisfy the 'foregone

conclusion' exception, 'no constitutional rights are touched. The question is not of testimony but of surrender'").

B. Discovery. The petitioner contends that he was entitled to discovery and to review the documents submitted to the judge under seal. The petitioner has not been charged with a crime. No member of the public, including the petitioner, has any right to access matters occurring before the grand jury during the preindictment phase of an ongoing criminal investigation. WBZ-TV4 v. District Attorney for the Suffolk Dist., 408 Mass. 595, 599-602 (1990).[1] Until he is a criminal defendant, the petitioner is not entitled to discovery of any grand jury materials or the status of the grand jury investigation. See Mass.R.Crim.P. 14(a)(1)(A)(ii), as amended, 444 Mass. 1501 (2005). This is so because grand jury investigations are secret. Mass.R.Crim.P. 5(d), as appearing in 442 Mass. 1505 (2004) (prosecutors required to maintain secrecy of grand jury proceedings). See generally Opinion of the Justices, 373 Mass. 915, 918-919 (1977) (reviewing history of secrecy of grand jury proceedings). In addition, a judge may examine the Commonwealth's ex parte grand jury submission, and

---

[1] The petitioner argues that the denial of his access to the grand jury materials was compounded by a remark made by the Commonwealth at the motion hearing suggesting that he had the burden to establish that the foregone conclusion exception was inapplicable. The remark, when read in context, does not support the petitioner's position.

an appellate court will examine that submission as well to review the accuracy of the judge's determination.  See Pixley v. Commonwealth, 453 Mass. 827, 836-837 (2009) (determination whether judge erred in finding valid invocation of Fifth Amendment privilege can be made to appellate court without disclosure to parties of content of privilege hearing).  See also In re:  Sealed Case, 162 F.3d 670, 673 n.3 (D.C. Cir. 1998) (appellate court reviewed in camera grand jury materials to determine whether government had established crime-fraud exception to justify calling attorney to grand jury).

The judge did not abuse her discretion in declining to release the grand jury materials.

C.   Ineffective assistance of counsel.  The petitioner next contends that he was denied the effective assistance of counsel because he was denied access to the Commonwealth's ex parte submissions.  We disagree.  As conceded by the Commonwealth, G. L. c. 277, § 14A, inserted by St. 1977, c. 770, provides that "[a]ny person shall have the right to consult with counsel and to have counsel present at . . . [the] examination before the grand jury."  See Commonwealth v. Griffin, 404 Mass. 372, 373 (1989).  However, "[t]he attorney who accompanies a client into the grand jury room has, by statute, a very limited role."  Id.

at 375.[2]  Here, the petitioner neither was charged with a crime

nor testified before the grand jury when invited to do so.

Nevertheless, counsel was appointed on his behalf, and her role

was appropriately limited by the nature of the proceedings.

Even in this limited role, counsel was quite effective, as the

contempt judgment was stayed pending this appeal.  In addition,

the judge put parameters and limitations on the Commonwealth as

set forth in the order.  There was no ineffective assistance of

counsel.

D.  Contempt judgment.  Finally, the petitioner's

contention that the judge abused her discretion in adjudicating

him in contempt for failure to comply with the order is

misplaced.  "[T]o constitute civil contempt there must be a

clear and undoubted disobedience of a clear and unequivocal

command."  Birchall, petitioner, 454 Mass. 837, 851 (2009),

quoting from Manchester v. Department of Envtl. Quality Engr.,

381 Mass. 208, 212 (1980).  The petitioner has the "burden of

proving his inability to comply with the court order."  Mahoney

v. Commonwealth, 415 Mass. 278, 286 (1993).  The petitioner made

no such showing.  This burden of production is also not

_____

[2] By statute, an attorney can advise her client on
privileges and can consult with her client upon reasonable
request for the opportunity to do so, but is not entitled to
discovery and may not make "objections or arguments or otherwise
address the grand jury or the district attorney."  G. L. c. 277,
§ 14A.

violative of the prohibition against self-incrimination.  Matter of a Care & Protection Summons, 437 Mass. 224, 237-239 (2002).  The judge did not abuse her discretion in finding the petitioner in civil contempt or in committing him until he purged the contempt.  See Eldim, Inc. v. Mullen, 47 Mass. App. Ct. 125, 129 (1999).

> Order dated January 26, 2016, affirmed.
>
> Judgment dated January 29, 2016, affirmed.